**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4080**

UNITED STATES OF AMERICA,

                    Plaintiff – Appellee,

          v.

JONATHAN LATTIMORE,

                    Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge. (8:09-cr-00444-RWT-2)

Submitted:  November 8, 2011        Decided:  November 21, 2011

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Elita C. Amato, LAW OFFICE OF ELITA C. AMATO, Arlington, Virginia, for Appellant. Rod J. Rosenstein, United States Attorney, Mara Zusman Greenberg, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jonathan Lattimore appeals his 120-month sentence imposed following his guilty plea to two counts of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (2006). On appeal, Lattimore argues that the district court erred (1) in assessing two criminal history points for each of two prior juvenile adjudications; (2) in applying a four-level enhancement for firearms trafficking; and (3) in creating an unwarranted sentencing disparity between Lattimore and his codefendants. We affirm.

We review a sentence imposed by a district court under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 46 (2007); United States v. Lynn, 592 F.3d 572, 578 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from [18 U.S.C.] § 3553 [(2006)] for a sentence different than the one ultimately imposed"). In conducting this review, we must first examine the sentence for significant procedural error, including "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." Gall, 552 U.S. at 51. In reviewing the

2

district court's application of the Guidelines, we review findings of fact for clear error and questions of law de novo. United States v. Layton, 564 F.3d 330, 334 (4th Cir. 2009).

Under U.S. Sentencing Guidelines Manual ("USSG") § 4A1.2(d)(2)(A) (2010), the district court should assess two criminal history points for "each adult or juvenile sentence to confinement of at least sixty days if the defendant was released from such confinement within five years of his commencement of the instant offense." Lattimore argues that his juvenile sentences did not qualify as "confinement" for purposes of § 4A1.2(d)(2)(A). We need not determine whether Lattimore is correct because the district court would have calculated the same Guidelines range, and thus imposed the same sentence, even if it had applied USSG § 4A1.2(d)(2)(B), as Lattimore argues was appropriate. See United States v. Savillon-Matute, 636 F.3d 119, 123 (4th Cir. 2011), cert. denied, 2011 WL 308873 (U.S. Oct. 17, 2011) (No. 11-5393). Therefore, this claim entitles Lattimore to no relief.

Next, Lattimore challenges application of a Guidelines enhancement for firearms trafficking. In applying a sentencing enhancement, the district court must find by a preponderance of the evidence that the conduct underlying the enhancement occurred. See United States v. Grubbs, 585 F.3d 793, 803 (4th Cir. 2009). Under USSG § 2K2.1(b)(5), a four-level increase in

offense level is appropriate if the defendant engaged in firearms trafficking. Subsection (b)(5) applies if the defendant

> (i) transported, transferred, or otherwise disposed of two or more firearms to another individual, or received two or more firearms with the intent to transport, transfer, or otherwise dispose of firearms to another individual; and (ii) knew or had reason to believe that such conduct would result in the transport, transfer, or disposal of a firearm to an individual (I) whose possession or receipt of the firearm would be unlawful; or (II) who intended to use or dispose of the firearm unlawfully.

USSG § 2K2.1 cmt. n.13(A).

Lattimore concedes that the evidence showed that he transported two or more firearms; however, he argues that the evidence was insufficient to support the district court's finding that he knew or had reason to believe that the person to whom the firearms were transferred would unlawfully possess them or intended to use or dispose of them unlawfully. We conclude that a preponderance of the evidence showed that Lattimore, at the very least, had reason to believe that the person to whom he transferred the firearms would possess them unlawfully or intended to use or dispose of them unlawfully, where Lattimore repeatedly sold firearms to the purchaser during drug transactions. Accordingly, we hold that the district court did not abuse its discretion in applying a four-level enhancement pursuant to § 2K2.1(b)(5).

4

Finally, Lattimore challenges the disparity between his sentence and those of his codefendants. In imposing a sentence, a district court must consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). A district court, however, has "extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffrey, 631 F.3d 669, 679 (4th Cir. 2011), cert. denied, 2011 WL 4532052 (U.S. Oct. 3, 2011) (No. 10-10894).

Lattimore argues that the district court created an unwarranted sentencing disparity because his codefendants were sentenced to significantly lower sentences than he was. We hold that it was well within the district court's broad discretion to impose on Lattimore a 120-month sentence; the court clearly noted that Lattimore's extensive criminal history and his role in the offense warranted the challenged disparities. Moreover, this court, along with the majority of the circuits, has recognized that § 3553(a)(6) is aimed at eliminating national sentencing disparities, not disparities between codefendants. United States v. Withers, 100 F.3d 1142,1149 (4th Cir. 1996); see also United States v. Simmons, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases).

We therefore affirm the district court's judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

6