**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 12-4908**

─────────────

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NANCY ELIZABETH DYAL,

Defendant - Appellant.

─────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.   Cameron McGowan Currie, District Judge.   (3:09-cr-01169-CMC-1)

─────────────

Submitted:  May 8, 2013                     Decided:  May 21, 2013

─────────────

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

H. Wesley Kirkland, Jr., KIRKLAND & RUSH, Columbia, South Carolina, for Appellant.   William N. Nettles, United States Attorney, Nathan S. Williams, Assistant United States Attorney, Charleston, South Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nancy Elizabeth Dyal appeals her nine-month, below-Guidelines sentence imposed following remand for convictions of conspiracy to violate the Animal Welfare Act and to engage in an illegal gambling business and two counts of conducting an illegal gambling business and aiding and abetting the same. On appeal, Dyal argues (1) that the district court erred by sentencing her to an active term of incarceration when the court sentenced her co-defendants, Wayne and Sheri Hutto, to terms of probation; and (2) that her sentence is greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a)(2) (2006). Finding no error, we affirm.

This court reviews a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Id. at 51. In determining procedural reasonableness, this court examines, among other factors, whether the district court considered the § 3553(a) factors. Id. at 49-51. When reviewing a sentence for substantive reasonableness, this court examines "the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. If the sentence is below the

2

properly calculated Guidelines range, this court applies a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). Such a presumption is rebutted only if the defendant shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

One of the factors a court must consider when imposing a sentence is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). This court has recognized, however, that this sentencing factor is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of co-defendants. United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996); see also United States v. Simmons, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases). Moreover, a "district court[] ha[s] extremely broad discretion when determining the weight to be given each of the § 3553(a) factors." United States v. Jeffery, 631 F.3d 669, 679 (4th Cir. 2011).

Here, although not obligated to do so, the district court took into account the disparity between Dyal's sentence and the Huttos' sentences but found that the disparity was not

3

"unwarranted" due to Wayne Hutto's terminal illness and Sheri Hutto's role as his primary caregiver. See Simmons, 501 F.3d at 624 (giving sentencing court discretion to consider sentencing discrepancies between co-defendants). Moreover, we conclude that the court gave due consideration to the other § 3553(a) factors and Dyal's own unique circumstances when imposing her below-Guidelines sentence. See United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) ("When rendering a sentence, the district court must make an individualized assessment based on the facts presented." (internal quotation marks omitted)). Accordingly, we conclude that the district court did not err by sentencing Dyal to an active term of incarceration when her co-defendants were sentenced to terms of probation.

Moreover, Dyal contends that a term of probation would better serve the purposes of § 3553(a)(2), but she fails to overcome the appellate presumption of reasonableness afforded her sentence. See Susi, 674 F.3d at 289; Montes-Pineda, 445 F.3d at 379. The district court carefully considered the § 3553(a) factors and determined that, while Dyal had a fairly significant role in the offense, her lack of prior criminal history and physical infirmities warranted the downward variance. Thus, we conclude that Dyal's carefully crafted sentence was not greater than necessary to accomplish the goals of 18 U.S.C. § 3553(a)(2).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED