**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-4911**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

JACKIE EUGENE ROBINSON, a/k/a June Bug,

                Defendant - Appellant.

Appeal from the United States District Court for the District of
South Carolina, at Florence.  R. Bryan Harwell, District Judge.
(4:10-cr-00462-RBH-4)

Submitted: July 31, 2013          Decided:  August 8, 2013

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Henry M. Anderson, Jr., ANDERSON LAW FIRM, PA, Florence, South
Carolina, for Appellant.  Alfred William Walker Bethea, Jr.,
Assistant United States Attorney, Florence, South Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jackie Eugene Robinson pled guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute and distribute five kilograms or more of cocaine and fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006). After granting the Government's motion for a downward departure based on Robinson's substantial assistance and Robinson's motion for a downward variance, the court sentenced Robinson to 120 months' imprisonment. See U.S. Sentencing Guidelines Manual § 5K1.1 (2010). Robinson subsequently filed a 28 U.S.C.A. § 2255 (West Supp. 2013) motion, arguing that he should receive the benefit of the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372. The Government agreed, and the court ordered that Robinson be resentenced.

Prior to Robinson's resentencing, the Government filed a motion to reduce sentence under Fed. R. Crim. P. 35(b) for substantial assistance that Robinson provided after his original sentencing. At resentencing, the court granted the Government's motion for a downward departure and considered the assistance Robinson had provided the Government both before and after his original sentencing. The court also granted Robinson's motion for a downward departure or variance. The court ultimately sentenced Robinson to 100 months' imprisonment. On appeal, counsel has filed a brief pursuant to Anders v. California, 386

2

U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether Robinson's sentence is reasonable. Robinson has filed a pro se supplemental brief, raising additional challenges to his sentence.

We review Robinson's sentence for reasonableness under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 41 (2007). A sentence is procedurally reasonable if the district court properly calculates the defendant's advisory Guidelines range, gives the parties an opportunity to argue for an appropriate sentence, considers the 18 U.S.C. § 3553(a) (2006) factors, does not rely on clearly erroneous facts, and explains sufficiently the selected sentence. Id. at 49-51. Our review of the record reveals that Robinson's sentence is procedurally reasonable.

Finding no procedural error, we next consider the substantive reasonableness of Robinson's sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Id. at 51. Because Robinson's sentence is below the properly calculated Guidelines range, we apply a presumption on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2002). This presumption may only be rebutted if Robinson shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v.

3

<u>Montes-Pineda</u>, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Comparing his original sentence with his new sentence, Robinson argues that he is entitled to a greater sentence reduction. We conclude, however, that the district court was not required to grant the same downward variance at resentencing as it did at Robinson's original sentencing. <u>See</u> <u>United States v. Muhammed</u>, 478 F.3d 247, 250 (4th Cir. 2007) (holding that, when original sentence is vacated in its entirety, "prior sentencing proceedings [are] nullified," and district court conducts resentencing de novo). Moreover, we conclude that Robinson's sentence was reasonable in light of the § 3553(a) factors, as it is clear that the court considered the special circumstances of Robinson's case and carefully balanced Robinson's substantial assistance with the seriousness of his crime.

Robinson also suggests that counsel rendered ineffective assistance by failing to advocate for a greater sentence reduction in light of the additional substantial assistance outlined in the Government's Rule 35(b) motion. Claims of ineffective assistance of counsel "are generally not cognizable on direct appeal . . . unless it conclusively appears from the record that defense counsel did not provide effective representation." <u>United States v. Benton</u>, 523 F.3d 424, 435

(4th Cir. 2008) (internal quotation marks omitted). The record here does not clearly demonstrate that counsel failed to effectively advocate for a sentence reduction based on the substantial assistance Robinson provided to the Government both before and after his original sentencing. Because the face of the record does not unambiguously demonstrate that counsel was ineffective, this claim is not cognizable on direct appeal.

Finally, Robinson suggests that the district court created an unwarranted sentencing disparity between his co-defendant and him by failing to reduce Robinson's sentence both under the FSA and pursuant to the Rule 35(b) motion. Robinson's argument is without merit: the district court did in fact reduce Robinson's sentence both under the FSA and pursuant to the substantial assistance outlined in the Rule 35(b) motion. Moreover, as we have repeatedly stated, the sentencing factor addressing sentencing disparities, 18 U.S.C. § 3553(a)(6), is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of co-defendants. United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996); see also United States v. Simmons, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases).

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This court

5

requires that counsel inform Robinson, in writing, of the right to petition the Supreme Court of the United States for further review. If Robinson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Robinson.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED