**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-4039**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

ERIC M. LYONS, a/k/a Marc,

        Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Greenbelt.  George L. Russell, III, District Judge.
(8:12-cr-00581-GLR-1)

Submitted:  July 17, 2014         Decided:  July 21, 2014

Before KING, AGEE, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Mirriam Z. Seddiq, MIRRIAM Z. SEDDIQ, P.C., Greenbelt, Maryland,
for Appellant.  John Francis Purcell, Jr., Assistant United
States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Eric M. Lyons pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841, 846 (2012). At sentencing and with Lyons' consent, the district court granted the Government's motion to strike from the indictment the drug quantity that otherwise would have triggered a five-year mandatory minimum sentence. See 21 U.S.C. § 841(b)(1)(B). The district court sentenced Lyons to forty-three months' imprisonment, which was three months below the bottom of his advisory Guidelines range.

Counsel for Lyons has filed this appeal pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious grounds for appeal but arguing that the district court failed to consider the sentencing disparity between Lyons and his co-defendant in determining the extent of the downward variance. Although advised of his right to do so, Lyons has declined to file a pro se supplemental brief. The Government has not filed a response brief. For the reasons that follow, we affirm.

We review any criminal sentence, "whether inside, just outside, or significantly outside the Guidelines range," for reasonableness, "under a deferential abuse-of-discretion standard." United States v. King, 673 F.3d 274, 283 (4th Cir.

2

2012); see Gall v. United States, 552 U.S. 38, 46, 51 (2007). When determining a sentence, the district court must calculate the defendant's advisory Guidelines range and consider it in conjunction with the factors set forth in 18 U.S.C. § 3553(a) (2012). Gall, 552 U.S. at 49-50.

The district court followed the necessary procedural steps in sentencing Lyons, appropriately treating the Sentencing Guidelines as advisory, properly calculating and considering the applicable Guidelines range, and weighing the relevant § 3553(a) sentencing factors. Lyons complains that the district court failed to consider the sentencing disparity between him and his co-defendant. However, as we have repeatedly stated, the sentencing factor addressing sentencing disparities, 18 U.S.C. § 3553(a)(6), is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of co-defendants. United States v. Withers, 100 F.3d 1142, 1149 (4th Cir. 1996); see also United States v. Simmons, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases). Finally, we observe that the court provided sufficient reasoning for the downward variance it selected for Lyons.

Having discerned no procedural error, we next consider the substantive reasonableness of Lyons' sentence, "tak[ing] into account the totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552

3

U.S. at 51. Because Lyons' sentence is below the properly calculated Guidelines range, we presume on appeal that the sentence is substantively reasonable. United States v. Susi, 674 F.3d 278, 289 (4th Cir. 2012). This presumption may only be rebutted if Lyons shows "that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted).

Lyons claims that the district court's failure to account for the sentencing disparity renders his sentence substantively unreasonable. This contention is no more persuasive when viewed through the lens of substantive reasonableness review. Furthermore, our review of the record reveals no viable basis upon which to question the substantive reasonableness of Lyons' downward variant sentence. We thus conclude that the district court did not abuse its discretion in selecting this sentence.

In accordance with Anders, we have reviewed the entire record in this case and have found no meritorious issues for appeal. Lyons' guilty plea was knowingly and voluntarily entered and supported by an independent basis in fact. We therefore affirm the district court's judgment. This court requires that counsel inform Lyons, in writing, of his right to petition the Supreme Court of the United States for further

4

review.   If Lyons requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Lyons.   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED