*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 07a0349p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

UNITED STATES OF AMERICA,

> *Plaintiff-Appellee,*

> v.

KOSSIE LAMON SIMMONS,

> *Defendant-Appellant.*

No. 06-6173

---

Appeal from the United States District Court
for the Western District of Tennessee at Memphis.
No. 05-20332—J. Daniel Breen, District Judge.

Argued: August 8, 2007

Decided and Filed: August 29, 2007

Before: KENNEDY and COOK, Circuit Judges; ALDRICH, District Judge.[*]

---

## COUNSEL

**ARGUED:** Craig V. Morton II, MORTON & GERMANY, Memphis, Tennessee, for Appellant. Cam Towers Jones, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee. **ON BRIEF:** Craig V. Morton II, MORTON & GERMANY, Memphis, Tennessee, for Appellant. Cam Towers Jones, ASSISTANT UNITED STATES ATTORNEY, Memphis, Tennessee, for Appellee.

---

## OPINION

---

KENNEDY, Circuit Judge. Kossie Lamon Simmons ("defendant") appeals his sentence imposed after he pleaded guilty to health care fraud in violation of 18 U.S.C. § 1347. After granting an eight-level departure requested by the government, calculating a guideline range of twenty-seven to thirty-three months, and considering the 18 U.S.C. § 3553(a) factors, the district court imposed a sentence of twenty-three months in prison as well as restitution. Mr. Simmons claims that his sentence was unreasonable because the district court did not consider the disparity between his sentence and that of his co-defendant's, Mr. Anthony Ross's, as he asserts the district court is

---

[*]The Honorable Ann Aldrich, United States District Judge for the Northern District of Ohio, sitting by designation.

required to based on 18 U.S.C. § 3553(a)(6). Because we conclude that § 3553(a)(6) refers to national uniformity as opposed to uniformity of co-defendants' sentences, we affirm the district court.

## BACKGROUND

On August 10, 2006 defendant was sentenced for health care fraud under 18 U.S.C. § 1347. The base offense level was six under § 2B1.1(a)(2) of the Sentencing Guidelines. The level was increased to sixteen under § 2B3.1(b)(1) because the loss was greater than one million dollars but less than two and a half million dollars. The level was again increased to twenty-six under § 3B1.1(a) because Mr. Simmons was considered a leader of the criminal activity. This level was reduced by three for Mr. Simmons's acceptance of responsibility. The government had filed a § 5K1.1 motion on Mr. Simmons's behalf, and it asked for a five-level reduction because Mr. Simmons had significantly assisted the government. The district judge granted the government's motion and considered the § 3553(a) sentencing factors, and he determined that the offense level should be reduced from twenty-three to eighteen, primarily because of Mr. Simmons's significant assistance to the government. Mr. Simmons's criminal history category was I, so his guidelines range was twenty-seven to thirty-three months. The district judge sentenced Mr. Simmons to twenty-three months in prison, as well as $1,858,467 in restitution, a $100 special assessment, and three years of supervised release. On appeal defendant asserts that the district judge failed to consider 18 U.S.C. § 3553(a)(6), which directs the sentencing judge to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Mr. Simmons argues this factor was not considered because he received a sentence nearly twice that of his co-defendant, Mr. Anthony Ross.

Mr. Ross had been sentenced for the same health care fraud on December 7, 2005, more than eight months before Mr. Simmons was sentenced. The calculation of the Guidelines offense level for Mr. Ross was the same as Mr. Simmons's; Mr. Ross had a base level of six, which was increased to sixteen for the amount of the loss and then increased again to twenty-six because Mr. Ross also was a leader of the criminal activity. He also received a three-level reduction for his acceptance of responsibility. The district court granted the government's § 5K1.1 motion, and gave a five-level reduction because Mr. Ross too had significantly helped the government through his cooperation. After considering the § 3553(a) sentencing factors, the district court determined that the offense level of twenty-three should be reduced to twelve, or almost 50%, primarily because of Mr. Ross's very significant assistance to the government; Mr. Ross was the first to come forward, he gave the government information it would not have been able to discover absent his cooperation, and he had also implicated Mr. Simmons, who only decided to cooperate after being so implicated. Because Mr. Ross's criminal history category was II, the guidelines range for his sentence was twelve to eighteen months. The court then sentenced Mr. Ross to twelve months and one day in prison, as well as $1,704,865 in restitution, a $100 special assessment, and two years of supervised release.

## ANALYSIS

I. Standard of Review

Historically the failure to object at sentencing meant that the defendant waived the issue for appeal, *United States v. Cullens*, 67 F.3d 123, 124 (6th Cir. 1995) (per curiam), and only plain error review under Rule 52(b) of the Federal Rules of Criminal Procedure would be available, *United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir. 2004) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). The government asks that we apply the plain error review standard here because the defendant did not raise his grounds for appeal at the sentencing hearing.

*United States v. Bostic*, however, preserves the issue for appeal despite a party's failure to object. In *Bostic*, this Circuit promulgated a new procedural directive for district judges to follow when imposing sentences: after the judge has pronounced the sentence, the judge must "ask the parties whether they have any objections to the sentence just pronounced that have not previously been raised." 371 F.3d 865, 872 (6th Cir. 2004). If the judge fails to "clearly ask[] for objections" at this time, then the objections will not be considered forfeited on appeal. *Id.*; *accord United States v. Clark*, 469 F.3d 568, 570 (6th Cir. 2006). It is clear from the record that the district judge did not follow this procedural directive. J.A. 105-07.

To determine whether *Bostic* preserves the issue for appeal requires clarification of what the defendant is actually asserting in this case. He claims that the district court failed to consider the disparity between his sentence and that of a co-defendant's, and he points to § 3553(a)(6) as authority for the proposition that a district court is required to engage in such a consideration. Considering uniformity between co-defendants' sentences, however, is not required by the Sentencing Guidelines or the § 3553(a) factors.

Subsection 3553(a)(6) is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct. *See United States v. Poynter*, __ F.3d __, No. 05-6508. 2007 WL 2127353, at * 3-7 (6th Cir. July 26, 2007); *United States v. LaSalle*, 948 F.2d 215, 218 (6th Cir. 1991); *United States v. Parker*, 912 F.2d 156, 158 (6th Cir. 1990). It is not concerned with disparities between one individual's sentence and another individual's sentence, despite the fact that the two are co-defendants. *LaSalle*, 948 F.2d at 218; *United States v. Gessa*, 944 F.2d 26, 270 (6th Cir. 1991); *Parker*, 912 F.2d at 158. Instead, § 3553(a)(6) is there to ensure nationally uniform sentences among like offenders so as to leave room to depart downward for those defendants who are truly deserving of leniency. *Poynter*, __ F.3d __, 2007 WL 2127353, at * 3-7; *United States v. Borho*, 485 F.3d 904, 910 (6th Cir. 2007); *United States v. Husein*, 478 F.3d 318, 331, 333-34 (6th Cir. 2007). Section 3553(a)(6)'s national concern has been noted by a great majority of the circuits. *United States v. Dowdy*, 216 F. App'x 178, 180-81 (3d Cir. 2007) (citing *United States v. Seligsohn*, 981 F.2d 1418, 1428 (3d Cir. 1992)); *United States v. Saez*, 444 F.3d 15, 18 (1st Cir. 2006); *United States v. Newsom*, 428 F.3d 685, 689 (7th Cir. 2005); *United States v. McMutuary*, 217 F.3d 477, 489-90 (7th Cir. 2000); *United States v. McKnight*, 186 F.3d 867, 869 (8th Cir. 1999); *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996); *United States v. Arlen*, 947 F.2d 139, 147 (5th Cir. 1991); *United States v. Garza*, 1 F.3d 1098, 1100 (10th Cir. 1993); *United States v. Joyner*, 924 F.2d 454, 460-61 (2d Cir. 1991).

A district judge, however, *may* exercise his or her discretion and determine a defendant's sentence in light of a co-defendant's sentence. *United States v. Nelson*, 918 F.2d 1268, 1272-73 (6th Cir. 1990). That action, however, would be a discretionary one because the district court is not *required* to consider that type of disparity under § 3553(a)(6). *See LaSalle*, 948 F.2d at 218; *accord United States v. Parker*, 462 F.3d 273, 277 (3d Cir. 2006) ("[A]lthough § 3553(a) does not require district courts to consider sentencing disparities among co-defendants, it does not prohibit them from doing so.").

In light of this analysis, we believe that Mr. Simmons is in effect raising two distinct claims: (1) the district court did not consider a discretionary factor, namely the disparity between the two sentences; and (2) the district court did not consider national uniformity as required by § 3553(a)(6). The first issue is not preserved by *Bostic*. There is no appealable issue saved by *Bostic* when a defendant wishes to appeal a discretionary factor and does not request the judge to exercise such discretion during the sentencing hearing, as Mr. Simmons did not so request. *Bostic* only preserves *objections*, not possible requests for discretion. The defendant must be claiming that the district court erred, and there is no claim that the district court erred when it did not consider an issue it was not required to consider unless raised by the defendant. Mr. Simmons is not claiming that the district court erred because he never asked the district court to exercise its discretion and consider co-

defendant sentence disparity. Indeed, even if Mr. Simmons had requested that the district court consider this discretionary factor, discretionary factors are not even appealable when discretion is requested and the judge refused or did not depart as far as the defendant wanted so long as the judge appreciated his discretion to downwardly depart. *See, e.g.*, *United States v. Jones*, 417 F.3d 547, 550-51 (6th Cir. 2005).

The claim that the district court failed to consider national uniformity as required by § 3553(a)(6), however, is preserved for appeal by *Bostic*, as it would be error for a district court not to consider the statutory factors. Because this claim is preserved by *Bostic*, it is not subject to only plain error review. When an objection to a sentence is preserved, we conduct a reasonableness review.

## II. Reasonableness

Mr. Simmons claims that his sentence is both procedurally and substantively unreasonable because the district court failed to consider § 3553(a)(6). A sentence is procedurally unreasonable if "the district judge fails to 'consider' the applicable Guidelines range or neglects to 'consider' the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." *United States v. Webb*, 403 F.3d 373, 383 (6th Cir. 2005). A sentence is substantively unreasonable when the district court "select[s] the sentence arbitrarily, bas[es] the sentence on impermissible factors, fail[s] to consider pertinent § 3553(a) factors or giv[es] an unreasonable amount of weight to any pertinent factor." *Id.* at 385. Because Mr. Simmons's sentence is reasonable, his claim fails.

### A. Procedural Reasonableness

Mr. Simmons's sentence was not procedurally unreasonable, despite the fact the district court did not explicitly discuss § 3553(a)(6). "While the district court did not explicitly name each of the 3553(a) factors that it was using to arrive at [the defendant]'s sentence, a reasonable sentence based on consideration of the factors does not require a rote listing." *United States v. Collington*, 461 F.3d 805, 809 (6th Cir. 2006); *e.g.*, *United States v. Husein*, 478 F.3d 318, 330 (6th Cir. 2007) ("The district court need not discuss each and every § 3553(a) factor . . . ."); *United States v. Williams*, 436 F.3d 706, 708 (6th Cir. 2006) ("[The defendant] correctly notes that the sentencing judge must consider the list of sentencing factors articulated in 18 U.S.C. § 3553(a). Such consideration, however, need not be evidenced explicitly . . . ."); *United States v. Chandler*, 419 F.3d 484, 488 (6th Cir. 2005) ("There is no requirement that the district court engage in a ritualistic incantation of the § 3553(a) factors it considers." (citing *United States v. Washington*, 147 F.3d 490, 491-92 (6th Cir. 1998))); *United States v. Kirby*, 418 F.3d 621, 626 (6th Cir. 2005) ("[A district court] need not recite the[] [§ 3553(a)] factors . . . ."). The record demonstrates that the district judge did expressly consider most of the § 3553(a) factors, including the Sentencing Guidelines, the nature and circumstances of the offense, the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the crime, the need to afford adequate deterrence, the need to protect the public from further crimes, and the need to provide the defendant with correctional treatment. J.A. 100-04; *cf. Collington*, 461 F.3d at 809; *Washington*, 147 F.3d at 491-92. Indeed, the only § 3553(a) factor the judge did not explicitly consider was factor (a)(6), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (2006).

The district judge is only under a more rigorous duty to make explicit its consideration of the factors when a defendant makes a particular argument, *United States v. Richardson*, 437 F.3d 550, 554 (6th Cir. 2006) ("Where a defendant raises a particular argument in seeking a lower sentence, the record must reflect both that the district judge considered the defendant's argument and that the judge explained the basis for rejecting it."), and when a factor is particularly relevant,

*see Husein*, 478 F.3d at 330 ("We thus conclude that the sentence imposed by the district court, which considered at least five of the six relevant § 3553)(a) factors [leaving undiscussed (a)(6)], was procedurally reasonable."); *United States v. Dexta*, 470 F.3d 612, 615 (6th Cir. 2006) ("Undeniably, the district court did not explicitly consider each and every § 3553(a) factor. Although a more specific discussion of the relevant factors would have been preferable, the record is nevertheless sufficient to allow for meaningful appellate review."). The district judge could also violate procedural reasonableness if the defendant is able to prove that the lack of explicit discussion stems from a complete ignorance of that factor. *See Williams*, 436 at 708 ("[C]onsideration [of the § 3553(a) factors] need not be evidenced explicitly, and Williams fails to point to any indication that the district court ignored those factors."). It is undisputed that the defendant did not call this factor to the sentencing judge's attention, and therefore Mr. Simmons can only claim that this factor was particularly relevant, and therefore warranted more explicit consideration, or that the district court in fact ignored this factor.

Mr. Simmons has not alleged that national uniformity was particularly applicable in his case, and would therefore have warranted explicit discussion. National uniformity may be particularly important when a particular crime statutorily allows for a severe punishment but it has not been imposed in similar cases, or when a particular crime is especially rampant or has a quality that is encouraging more strict sentences across the board. Otherwise, national uniformity is generally taken into account by the Sentencing Guidelines, which "are almost certainly the best indication of ordinary practice since most sentences are within the guidelines." *United States v. Saez*, 444 F.3d 15, 19 (1st Cir. 2006).

Neither has Mr. Simmons proven that the district court ignored national uniformity in sentencing. He points to the fact that the district court did not explicitly discuss § 3553(a)(6). Lack of discussion will not mean that the district court ignored the factor. *See, e.g.*, *Husein*, 478 at 331; *United States v. McBride*, 434 F.3d 470, 477 (6th Cir. 2006). Indeed, here it is clear that the district judge did consider national uniformity because the judge determined what the Sentencing Guidelines range would be, a guidelines range that considers the criminal conduct at issue as well as the criminal history of the defendant. *Saez*, 444 F.3d at 19 ("[T]he guidelines themselves are almost certainly the best indication of ordinary practice since most sentences are within the guidelines."). Indeed, one of the purposes of the Guidelines is to maintain national uniformity in sentences. The record provides sufficient evidence that the district court considered national uniformity, and therefore there was no procedurally unreasonable error. *See McBride*, 434 at 476 n.3.

B. Substantive Reasonableness

Mr. Simmons's also claims his sentence is substantively unreasonable because it did not take proper account of § 3553(a)(6). He claims that national uniformity should have been given more weight in determining his sentence. To prove it was not adequately considered,  he points to his co-defendant's sentence as an example of a person with a slightly greater criminal background who was convicted of the same criminal conduct yet received a sentence of approximately half his own sentence. This argument lacks merit.

There is no evidence that Mr. Simmons's sentence was out of line with national standards for health care fraud. Mr. Simmons's proffering of the sentence imposed on Mr. Ross, Mr. Simmons's co-defendant, is unavailing. "[A] single example is about the weakest sort of proof of national practice that can be imagined." *Saez*, 444 F.3d at 19 (1st Cir. 2006). If great weight was given to such singular examples, then the prosecution and defense would be encouraged to "find[] random examples to support a higher or lower sentence." *Id.* The propriety of Mr. Ross's sentence is not before this Court, and if we relied on this singular example as grounds for finding Mr. Simmons's sentence substantively unreasonable, we then may well be creating a greater national disparity among the many defendants than Mr. Ross's sentence alone may create. *Cf. United States*

*v. McMutuary*, 217 F.3d 477, 488-90 (7th Cir. 2000). Indeed, the Guidelines would suggest that Mr. Simmons's sentence may have been too lenient. The district judge chose to downwardly depart eight levels from the Guidelines range. That provided a sentencing range of twenty-seven to thirty-three months. The district judge, however, only sentenced Mr. Simmons to twenty-three months. This was far below the Guidelines, and that range is considered good evidence of the national standard. *Saez*, 444 F.3d at 19. Mr. Simmons' sentence, therefore, was not substantively unreasonable.

## CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's judgment.