NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 12a1191n.06

No. 12-5081

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Nov 19, 2012*

DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | |
| | ) | ON APPEAL FROM THE UNITED |
| JAMIE FRENCH, | ) | STATES DISTRICT COURT FOR |
| | ) | THE MIDDLE DISTRICT OF |
| Defendant-Appellant. | ) | TENNESSEE |

Before: MARTIN and WHITE, Circuit Judges; ECONOMUS, District Judge.[*]

PER CURIAM. Jamie French, who is represented by counsel, appeals his conviction for conspiracy to possess with the intent to distribute, and to distribute, 100 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846.

French pleaded guilty to violating § 841(a)(1) and § 846. His advisory sentencing guidelines range in his presentence report was 210 to 262 months of imprisonment. At French's sentencing hearing, the district court varied from the advisory sentencing guidelines range on the basis that French's criminal history had been overstated in the presentence report. The district court sentenced French to 188 months of imprisonment, to be followed by four years of supervised release. French appeals the sentence on the ground that it is substantively unreasonable.

French concedes that the sentence is procedurally reasonable. A review of the sentencing transcript reveals that the district court committed no significant procedural error. Thus, we need only review the sentence for substantive reasonableness. District courts must impose "a sentence

---

[*]The Honorable Peter C. Economus, United States Senior District Judge for the Northern District of Ohio, sitting by designation.

sufficient, but not greater than necessary" to satisfy 18 U.S.C. § 3553(a)(2). *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008) (citation and internal quotation marks omitted). A sentence is substantively unreasonable if "the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor." *United States v. Kathman*, 490 F.3d 520, 525 (6th Cir. 2007). A sentence that falls within a properly calculated advisory sentencing guidelines range is accorded a rebuttable presumption of reasonableness. *See Walls*, 546 F.3d at 736.

Although French's sentence is below a properly calculated guidelines range, he nevertheless argues that his sentence is substantively unreasonable because the district court failed to consider the unwarranted disparity between his sentence and the sentences imposed on his co-defendants.

Subsection 3553(a)(6) instructs district courts to consider the need for a selected sentence to avoid unwarranted disparities in sentencing. The subsection, however, "is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct." *United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). "It is not concerned with disparities between one individual's sentence and another individual's sentence, despite the fact that the two are co-defendants." *Id.* Although a district judge may, in his or her discretion, determine a defendant's sentence in relation to a co-defendant's sentence, district judges are not required to do so. *Id.* at 624.

At the sentencing hearing, the district court was conscious of the "unwarranted disparities" factor, as well as the disparity between the defendants' sentences. French's sentence is greater than his co-defendants' sentences because he was found to have a leadership role in the conspiracy and, unlike his co-defendants, he did not receive a downward departure for substantial assistance. We conclude that French has failed to overcome the presumption of substantive reasonableness.

The district court's judgment is affirmed.