**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4135**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

ALBERIC OKOU AGODIO,

Defendant - Appellant.

Appeal from the United States District Court for the District of
Maryland, at Baltimore.   James  K.  Bredar,  District  Judge.
(1:15-cr-00061-JKB-1)

Submitted: October 31, 2016        Decided: November 3, 2016

Before TRAXLER, DUNCAN, and WYNN, Circuit Judges.

Dismissed in part, affirmed in part by unpublished per curiam
opinion.

Murray  Kamionski,  LAW  OFFICE  OF  MURRAY  KAMIONSKI,  Baltimore,
Maryland,  for  Appellant.  Jefferson  McClure  Gray,  Assistant
United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Alberic Okou Agodio appeals the 61-month sentence imposed following his guilty plea to one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349 (2012); one count of wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1343 (2012); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1), (c)(5) (2012). The Government has moved to dismiss Agodio's appeal based upon a waiver of appellate rights in his plea agreement.

We conclude that the appeal waiver contained in Agodio's plea agreement is valid, as he entered it knowingly and intelligently. See United States v. Manigan, 592 F.3d 621, 627 (4th Cir. 2010). Moreover, Agodio's appeal of his sentence is barred by his waiver of appellate rights, except for his claim that his sentence was impermissibly based on his nationality or race. United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992). Accordingly, we grant the motion to dismiss in part and dismiss the appeal of the claims not based on nationality or race. We also deny the motion to dismiss in part on the ground that Agodio's claim of national or racial bias falls outside the scope of the waiver provision; however, our review convinces us to affirm the sentence.

Turning to the nonwaived issue, Agodio, a West African immigrant who is black, contends that his sentence was

2

impermissibly based on his nationality or race. In support of this contention, Agodio points to the lesser sentences received by his coconspirators, who are both white.* We find Agodio's argument unpersuasive.

The district court did not reference Agodio's nationality or race at the sentencing hearing, and only commented on Agodio's status as an immigrant in response to defense counsel's and Agodio's arguments on that subject in mitigation. Indeed, the district court stated that it was imposing a lesser sentence because Agodio was a deportable alien who would likely serve his sentence in a higher security prison than others convicted of similar crimes. See United States v. DeBeir, 186 F.3d 561, 569-71 (4th Cir. 1999) (recognizing that district court may take into account adverse impact on incarceration caused by status as deportable alien). If not for Agodio's status as a deportable alien, the district noted that it would have imposed a lengthier sentence.

Furthermore, the district court considered the sentences imposed on Agodio's coconspirators in fashioning his sentence and thoroughly explained its reasoning for arriving at a

---

* Agodio also argues that he was sentenced as a career offender under the Sentencing Guidelines and that the career offender provision has a disproportionate impact on black males. However, a review of the record reveals that Agodio was not sentenced under the career offender provision.

61-month sentence. In particular, the district court stressed that Agodio exhibited a pattern of dishonesty, both before and during the underlying offenses, and that Agodio's actions grew the fraud scheme, increasing the scope and degree of harm to the victims. Contrary to Agodio's protestation, the district court was not required to impose a sentence that was identical to those of his coconspirators under 18 U.S.C. § 3553(a)(6) (2012). See United States v. Simmons, 501 F.3d 620, 623 (6th Cir. 2007) ("Subsection 3553(a)(6) is concerned with national disparities among the many defendants with similar criminal backgrounds convicted of similar criminal conduct.").

For these reasons, we dismiss in part and affirm in part. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED IN PART;
AFFIRMED IN PART

4