NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 19a0002n.06

No. 18-3540

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jan 04, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| WILLIAM HOWELL, | ) | NORTHERN DISTRICT OF |
| | ) | OHIO |
| Defendant-Appellant. | ) | |

Before: SUTTON, GRIFFIN, and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. William Howell received a seventy-two-month sentence for his involvement in a conspiracy to defraud multiple victims of more than $16 million. That sentence, which was twenty-one months above the Guidelines range, is the focus of Howell's appeal. For the reasons stated, we AFFIRM Howell's sentence.

I.

Howell participated in a multi-national conspiracy through which the conspirators defrauded law firms, business entities, and individuals of over $16 million. For his part, Howell was responsible for a loss of over $400,000. To help the district court sentence the various co-conspirators, the government divided the defendants into tiers, with Tier I reserved for those most involved in the conspiracy. The government placed Howell in Tier I, although at the bottom end of the tier. The district court sentenced Howell to seventy-two months in prison, twenty-one months above the top of the Guidelines range of forty-one to fifty-one months. Howell appealed, challenging the reasonableness of his sentence.

II.

A criminal sentence must be both procedurally and substantively reasonable. *United States v. Morgan*, 687 F.3d 688, 693 (6th Cir. 2012). Procedural reasonableness requires the court to "properly calculate the guidelines range, treat that range as advisory, consider the sentencing factors in 18 U.S.C. § 3553(a), refrain from considering impermissible factors, select the sentence based on facts that are not clearly erroneous, and adequately explain why it chose the sentence." *United States v. Rayyan*, 885 F.3d 436, 440 (6th Cir. 2018) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Substantive reasonableness focuses on whether a "sentence is too long (if a defendant appeals) or too short (if the government appeals)." *Id.* at 442. "The point is not that the district court failed to consider a factor or considered an inappropriate factor; that's the job of procedural unreasonableness." *Id.* Instead, substantive unreasonableness is "a complaint that the court placed too much weight on some of the § 3553(a) factors and too little on others in sentencing the individual." *Id.* We review claims of both procedural and substantive unreasonableness for an abuse of discretion, although we review the district court's factual findings for clear error and its legal conclusions de novo. *Id.* at 440, 442.

Howell contends that the district court erred by using his criminal history both to calculate the Guidelines range and to support the upward variance. But we have "consistently held that a district court neither commits procedural error, nor pronounces a substantively unreasonable sentence, simply because, in evaluating the 18 U.S.C. § 3553(a) factors, it considers, as one component of its decision to vary upward from the Guidelines, conduct that also factored into calculating the Guidelines range." *United States v. Trejo*, 729 F. App'x 396, 399–400 (6th Cir. 2018) (collecting cases). Using Howell's criminal history both to calculate the Guidelines range and to vary upward was not error.

Even so, says Howell, the district court fashioned a substantively unreasonable sentence by focusing entirely on, or at least giving too much weight to, Howell's criminal history when deciding to vary upward. We disagree.

In varying upward, the district court relied on considerations beyond Howell's criminal history. The court found significant Howell's degree of involvement in the scheme, noting that he was "actively involved . . . [m]uch more so than many of the other defendants that I've sentenced in this matter." Also significant was Howell's "much greater knowledge of the overarching activities of the scheme by virtue of his relationship with the higher level conspirators." The court further recognized that "[t]he nature and circumstances of this current offense are serious in that the defendant caused a significant amount of financial loss"; indeed, Howell personally caused over $400,000 in financial loss during his three months in the conspiracy. Thus, the district court premised its decision to vary upward on more than just Howell's criminal history.

We do not dispute that the district court gave more weight to Howell's criminal history than to any other factor or reason. But the district court may do so "if such weight is warranted under the facts of the case." *United States v. Adkins*, 729 F.3d 559, 571 (6th Cir. 2013). Here, the district court explained why it believed Howell's criminal history required a lengthy sentence. Howell's extensive criminal record set him apart from most of the other defendants involved in the conspiracy. The details of Howell's past offenses also troubled the court. For example, the district court noted that after serving eighty-seven months in prison, Howell wasted little time in violating his supervised-release conditions by leading police on a dangerous high-speed chase with "two large rocks of crack cocaine" in his car. Howell had prior drug convictions, including one for "possession of 26 baggies of crack cocaine," yet as the district court noted, Howell "doesn't seem to be able to modify or change his behavior as a drug trafficker," as evidenced by his recent

state-court conviction "for trafficking in cocaine." The court also weighed Howell's prior convictions for domestic violence and a firearms offense.

This serious and extensive criminal history, when coupled with the other reasons provided, led the district court to conclude that Howell was "a high-risk offender" and that his "actions . . . and his prior record warrant[ed] a sentence above the guidelines . . . to protect the public and reflect the seriousness of the offense, [and] hopefully improve the offender's conduct and condition." The court varied upward accordingly.

We cannot say this was an abuse of discretion. It is not our job on appeal to rebalance the § 3553(a) factors or decide whether we would impose a different sentence. *Id.* Rather, we will defer to the district court's sentencing discretion and affirm the sentence where, as here, "[t]he district court properly considered all of the factors, balanced them, and imposed a reasonable sentence." *Rayyan*, 885 F.3d at 443.[1]

* * *

We AFFIRM the district court's sentence.

---

[1] Howell also suggests that his sentence resulted in an unwarranted disparity between his punishment and that given to other similar defendants. *See* 18 U.S.C. § 3553(a)(6). Although labeled differently, his argument merely replicates the claims we rejected above—that the district court based the variance on his criminal history alone and that the variance was not supportable. Beyond this he offers nothing to advance an unwarranted disparity claim. He does not, for example, offer evidence regarding defendants sentenced for similar conduct nationwide. *See United States v. Simmons*, 501 F.3d 620, 623 (6th Cir. 2007). Howell's unwarranted disparity argument, therefore, fails.