**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4209**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

DARRIN MOSLEY, a/k/a Scoop, a/k/a Legs,

                Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:17-cr-00223-GLR-8)

Submitted:  August 31, 2020                  Decided:  September 11, 2020

Before AGEE and HARRIS, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Allen H. Orenberg, THE ORENBERG LAW FIRM, P.C., Potomac, Maryland, for Appellant.  Robert K. Hur, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrin Mosley pled guilty to conspiracy to participate in a racketeering activity, conspiracy to distribute controlled substances, and conspiracy to use and carry a firearm in relation to drug trafficking. The district court sentenced Mosley to concurrent terms of 360 months' imprisonment on the racketeering conspiracy and the drug trafficking conspiracy counts, and 240 months on the firearms charge to run concurrently with the other sentences. Mosley appeals his sentence, challenging the application of the murder cross-reference and contending that his sentence resulted in an unwarranted sentencing disparity. We affirm.

Mosley was a member of the Old York Money Gang ("OYMG"), a street gang located in the Waverly neighborhood of Baltimore, Maryland. In addition to regularly distributing street-level quantities of heroin and crack cocaine in this neighborhood, OYMG members regularly carried firearms and engaged in criminal activity, including contract killings and other murders. Mosley admitted to participating in the drug trafficking activities of the gang, but he denied involvement in any of the murders attributed to OYMG. The district court held an evidentiary hearing and reviewed the testimony presented during the trial of coconspirator Trevon Beasley and found, by a preponderance of the evidence that Mosley aided and abetted in the murder of Tyrone Servance and participated in the attempted murder of Dante Preston and Antoinette Featherstone.

Mosley contends that the district court erred by considering uncharged relevant conduct and by enhancing his sentence without a determination of guilt beyond a reasonable doubt. However, "the due process clause does not require the district court to find uncharged conduct by a heightened standard of proof before using it as a basis for

2

determining a defendant's sentence." *United States v. Grubbs*, 585 F.3d 793, 802 (4th Cir. 2009). Rather "[s]entencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum authorized by the jury's verdict." *United States v. Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008); *see United States v. Mouzone*, 687 F.3d 207, 220 (4th Cir. 2012) (affirming enhanced sentence for racketeering conspiracy based on district court's finding that it was "more likely than not" that defendant killed a victim and that "murder [was] relevant and related conduct").

Here, Mosley's statutory maximum sentence for the RICO conspiracy charge was life imprisonment. The district court made specific factual findings that Mosley aided and abetted in the murder of Servance and that he aided in the attempted murders of Preston and Featherstone, "either [by] transporting or otherwise assisting Mr. Beasley in committing those particular acts of attempted murder." These findings did not increase Mosley's sentencing exposure and therefore did not violate the Due Process Clause.

Mosley challenges the sufficiency of the court's findings supporting the murder cross-reference. We review the factual findings underlying a district court's application of a Guidelines cross-reference for clear error and its legal conclusions de novo. *United States v. Ashford*, 718 F.3d 377, 380, 383 (4th Cir. 2013). After reviewing the evidence, the district court made factual findings that Mosley aided and abetted in the commission of Servance's murder and participated in the attempted murders of Preston and Featherstone. The court based these findings on the testimony of cooperating witnesses and corroborating cell site and GPS data. We conclude that the district court's findings are

3

not clearly erroneous and therefore affirm the application of the murder cross-reference. *See Ashford*, 718 F.3d at 383 (2018). <u>U.S Sent'g Guidelines Manual</u> § 2A1.1 (U.S. Sent'g Comm'n 2018).

Mosley also contends that his 360-month sentence is procedurally unreasonable, asserting that the sentence results in unwarranted sentencing disparity because he received a sentence greater than the 300-month sentence imposed upon a fellow OYMG member who fired shots into a car filled with people, striking two of them, and killing a three-year-old girl with a stray bullet, and is also greater than the sentences received by other OYMG members. In fashioning an appropriate sentence, the district court is required to consider "the need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). The stated goal of § 3553(a)(6) is "to eliminate unwarranted sentencing disparity nationwide," not disparity between codefendants. *United States v. Withers*, 100 F.3d 1142, 1149 (4th Cir. 1996); *see also United States v. Simmons*, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases).

In any event, the district court addressed Mosley's argument concerning the relative culpability of his codefendants and specifically determined that Mosley's conduct, which involved planning and "lying in wait," was distinguishable from the reactive shooting at the vehicle of a rival gang. Mosley's offense conduct also differed from that of other OYGM members who were not specifically found to have participated in murder. We conclude that the district court appropriately considered the need to avoid unwarranted sentencing disparity and appropriately explained its reasons for distinguishing Mosley's

4

offense conduct from that of his coconspirators. Additionally, the court was within its discretion to sentence Mosley to 360 month's imprisonment—below the advisory Guidelines range of life imprisonment. *See United States v. Nance*, 957 F.3d 204, 215 (4th Cir. 2020) ("[D]istrict courts have extremely broad discretion when determining the weight to be given each of the § 3553(a) factors[.]" (internal quotation marks omitted)); *see also United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014) ("Any sentence that is within or below a properly calculated Guidelines range is presumptively reasonable.").

Accordingly, we affirm Mosley's sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*