NOT RECOMMENDED FOR PUBLICATION
File Name: 22a0007n.06

Case No. 21-3310

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED

Jan 04, 2022

DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Plaintiff-Appellee*, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE NORTHERN |
| JAMES JACKSON, | ) | DISTRICT OF OHIO |
| | ) | |
| *Defendant-Appellant*. | ) | OPINION |
| | ) | |

Before: GIBBONS, ROGERS, and NALBANDIAN, Circuit Judges

NALBANDIAN, Circuit Judge. James Jackson and DeMario Horton spent five years in prison after robbing a Taco Bell at gunpoint in 2010. Then in 2019, just months after Jackson completed post-release control for his 2010 conviction, Jackson and Horton tried to rob a Rally's. The government charged Jackson and Horton with federal crimes arising from that robbery. Jackson pleaded guilty to three counts. But before Jackson's guilty plea, the district court sentenced Horton, who also pleaded guilty, to 120 months. The district court sentenced Jackson to 130 months. Jackson now argues that his sentence is both unreasonably long and unreasonably disparate from Horton's. Finding no error, we AFFIRM.

**I.**

Horton knew Alonda Bryant, who worked at a Rally's, and persuaded her to leave a door of the business propped open. Brandishing a firearm and a box cutter, Jackson and Horton entered the Rally's and forced three employees into a supply closet. Jackson and Horton tried, but failed,

to break into the store's safe. So one of them re-entered the closet and stole an employee's wallet instead.

Shortly after Jackson and Horton left Rally's, the police stopped them for unrelated traffic violations. So when the call went out about the Rally's robbery with a description of the suspects, those same officers quickly found Jackson and Horton's vehicle and stopped it. The officers arrested Jackson and Horton after a search of the vehicle uncovered hammers, gloves, a semi-automatic magazine, and a wallet. As this was happening, other officers responded to the Rally's location. These officers took statements from the three employees and recovered Jackson's cell phone from the restaurant. The next day, officers returned to the Rally's and recovered an empty, semi-automatic firearm in a bush behind the door where Jackson and Horton exited the building.

A federal grand jury returned a superseding indictment charging Jackson, Horton, and Bryant with aiding and abetting each other in an attempted Hobbs Act robbery. *See* 18 U.S.C. §§ 1951(a) and 2. The grand jury also charged Jackson and Horton with aiding and abetting each other in the use of a firearm during a crime of violence. *See id.* §§ 924(c)(1)(A)(ii) and 2. Finally, the grand jury charged both Jackson and Horton with separate counts of being a felon in possession of a firearm. *See id.* §§ 922(g)(1), 924(a)(2). Jackson pleaded guilty to the charges with no plea agreement.

At Jackson's sentencing, the district court calculated an offense level of 22. And it applied a three-level deduction for acceptance of responsibility. So with an offense level of 19 and a criminal history category of IV, Jackson's Guidelines range was 46-to-51 months. Using a firearm during a crime of violence carried a mandatory sentence of seven years (84 months) to be served consecutive to any other sentence. U.S.S.G. § 2K2.4(b); 18 U.S.C. § 924(c)(1)(A)(ii). Thus, the court calculated the final advisory range to be 130-to-141 months, and both parties confirmed that

range. Jackson and the government both made arguments about the 18 U.S.C. § 3553(a) factors. Jackson argued that his tough upbringing, drug use, anger management issues, and the lack of physical injury of any victims called for a below-Guidelines sentence. The government pointed to Jackson's recidivism, history of bad behavior in prison, and the emotional trauma of the Rally's employees to argue for a within-Guidelines sentence. The district court acknowledged the competing § 3553(a) factors and sentenced Jackson to the low-end of the Guidelines—130 months. Neither Jackson nor his attorney objected to the sentence at the hearing. Jackson timely appealed.

**II.**

Jackson argues that the district court unreasonably imposed a sentence "greater than necessary" under § 3553(a) because the court overlooked the disparity between Jackson's and Horton's sentences. Jackson's short brief is not exactly clear on the nature of his challenge to his sentence, but we will construe it to be presenting both a procedural and a substantive challenge. So we turn to the reasonableness of his sentence.

**A.**

Generally, we review the reasonableness of a sentence for an abuse of discretion. *See United States v. Wittingen*, 519 F.3d 633, 637 (6th Cir. 2008) (citing *Gall v. United States*, 552 U.S. 38, 41 (2007)). But when a defendant fails to object to a procedural defect at sentencing, as Jackson failed to do, we review claims of procedural unreasonableness for plain error. *See United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010); *United States v. Bostic*, 371 F.3d 865, 872–73 (6th Cir. 2004). Because neither Jackson nor his attorney objected during the district court's *Bostic* inquiry, plain-error review applies. So Jackson "must show (1) error (2) that was obvious or clear, (3) that affected [his] substantial rights and (4) that affected the fairness, integrity, or public reputation of the judicial proceedings." *Wallace*, 597 F.3d at 802. A sentence may be procedurally

unreasonable if the district court disregarded the applicable Guidelines range, ignored the § 3553(a) factors, or chose the sentence arbitrarily. *See United States v. Simmons*, 587 F.3d 348, 358 (6th Cir. 2009).

**B.**

The crux of Jackson's reasonableness challenge is the fact that he received a longer sentence than his co-defendant. Put another way, Jackson argues that the district court ignored "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). And we typically construe a trial court's alleged failure to consider a factor as a procedural error. *United States v. Rayyan*, 885 F.3d 436, 442 (6th Cir. 2018). As support, Jackson identifies similarities between himself and Horton. As Jackson sees it, these similarities include difficult childhoods, anger management issues, and the fact that the pair committed robberies of two fast-food restaurants together. So Jackson contends that the district court plainly erred by failing to consider, sua sponte, the sentencing disparity between him and Horton.

We find no error here, much less plain error. For starters, we have held that the sentencing judge's obligation to avoid sentencing disparities under § 3553(a)(6) concerns national disparities between defendants with similar criminal histories convicted of similar crimes, *not* disparities among co-defendants. *See Wallace*, 597 F.3d at 803. But on the other hand, we have also said that the district court *may* exercise discretion in determining a defendant's sentence by considering a co-defendant's sentence. *United States v. Simmons*, 501 F.3d 620, 624 (6th Cir. 2007). Thus, the district court could have considered Horton's sentence if it chose to do so.

But even if Horton's sentence were the correct reference point for Jackson, and Jackson had properly raised the issue below, his argument would still fall short. That's because Jackson

and Horton had different criminal history categories—Jackson had a criminal history category of IV and thus a Guidelines range on Count I of 46-to-51 months; Horton had a criminal history category of II and thus a Guidelines range on Count I of 33-to-41 months. So despite the purported similarities that Jackson now raises for the first time on appeal, the difference in criminal history category explains the disparity between the two sentences. No procedural error occurred.

## C.

Finding Jackson's sentence procedurally sound, we now consider whether his sentence is substantively reasonable. This review is for an abuse of discretion, *see Gall*, 552 U.S. at 46, and we apply a presumption of reasonableness for sentences within the Guidelines. *See United States v. Gale*, 468 F.3d 929, 937 (6th Cir. 2006). Jackson's sentence fell within the Guidelines, so it's presumptively reasonable, and our review of the district court's sentencing decisions is "highly deferential." *Rayyan*, 885 F.3d at 442; *see also United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007) ("In general, we must give 'due deference' to the district court's conclusion that the sentence imposed is warranted by the § 3553(a) factors."). To start, Jackson needs to rebut this presumption. But he offers nothing to support his argument of substantive unreasonableness other than a conclusory claim that the district court failed to properly weigh the § 3553(a) factors, specifically § 3553(a)(6). The record fails to support his claim.

At his sentencing, Jackson urged the district court to consider his tough childhood, substance abuse, and anger management issues in going below the Guidelines range. Jackson emphasized that nobody was physically injured during the attempted robbery at the Rally's. The government resisted this last point, arguing that being held up at gunpoint at work would lead to psychological trauma. The government also emphasized Jackson's recidivism, his long criminal record, his record of bad behavior in prison, and his gang affiliation. The court weighed all these

factors and found a sentence at the low end of the Guidelines to be "sufficient but not longer than necessary" under § 3553(a). Based on all these factors, Jackson's sentence was substantively reasonable.

## III.

For these reasons, we AFFIRM the judgment of the district court.