**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4569**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

CARLOS ANTONIO FLORES,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville. Richard L. Voorhees, Senior District Judge. (5:15-cr-00073-FDW-DCK-3)

Submitted: April 26, 2018                      Decided: May 9, 2018

Before DUNCAN, DIAZ, and THACKER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Sandra Barrett, Asheville, North Carolina, for Appellant. R. Andrew Murray, United States Attorney, Anthony J. Enright, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Carlos Antonio Flores appeals from his life sentence, imposed pursuant to a jury verdict convicting him of a methamphetamine conspiracy and possession with intent to distribute methamphetamine. On appeal, he challenges the procedural and substantive reasonableness of his sentence. We affirm.

I.

Flores first argues that the district court erred in overruling his objections to the base offense level and each and every enhancement applied to him in the presentence report ("PSR"). However, at sentencing, Flores' objections essentially consisted of stating that the enhancements were not proved at trial. As for the witness statements contained in the PSR, Flores averred that they are too general and vague to support the enhancements. With a few exceptions, Flores' arguments on appeal remain nonspecific.*

---

* Flores notes that Jose Duanes-Intriago testified at trial that he hired Ortiz to be Flores's driver. Flores contends that this testimony was inconsistent with the conclusion that Flores recruited Juan Ortiz-Rodriguez. However, "hiring" and "recruiting" are not necessarily the same thing; moreover, even if Duanes-Intriago recruited Ortiz-Rodriguez, there was still evidence presented at sentencing that Flores managed and supervised Ortiz-Rodriguez. *See* U.S. Sentencing Guidelines Manual § 3B1.1 cmt. n.4 (noting that recruitment is a factor to consider); *United States v. Llamas*, 599 F.3d 381, 390 (4th Cir. 2010) (citation and internal quotations omitted)("[T]he aggravating role adjustment is appropriate where the evidence demonstrates that the defendant controlled the activities of other participants or exercised management responsibility."); *see also United States v. Slade*, 631 F.3d 185, 190 (4th Cir. 2011) (noting this court has affirmed application of an aggravating role adjustment under USSG § 3B1.1(b) where there was "record evidence that the defendant actively exercised some authority over other participants in the operation or actively managed its activities").

Next, Flores notes that, at trial, Ritchie Allen Shook testified that Duanes-Intriago threatened him. Flores asserts that this testimony is inconsistent with the PSR's finding (Continued)

2

At sentencing, a district court must either rule on "any disputed portion of the presentence report or other controverted matter[,] . . . or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing." Fed. R. Crim. P. 32(i)(3)(B). We have opined, however, that a district court "need not articulate [findings] as to disputed factual allegations with minute specificity." *United States v. Bolden*, 325 F.3d 471, 497 (4th Cir. 2003) (alteration in original; internal quotation marks omitted). The sentencing court "may simply adopt the findings contained in a PSR," so long as it clarifies "which disputed issues were resolved by its adoption." *Id.* (internal quotation marks omitted); *see also United States v. Walker*, 29 F.3d 908, 912-13 (4th Cir. 1994) (holding district court satisfied Rule 32 in expressly overruling defendant's objections to the PSR and imposing a sentence in accordance with the report's recommendation).

We find no error in the district court's treatment of Flores's objections. Flores's objections amounted to not much more than general denials of the conduct alleged therein. Because Flores failed to offer any evidence or argument to demonstrate that the information was unreliable or inaccurate, the district court was "free to adopt the findings of the presentence report without more specific inquiry or explanation." *United States v. Terry*, 916 F.2d 157, 162 (4th Cir. 1990) (internal quotation marks and alteration omitted)

that Flores threatened Shook. However, these assertions are not inconsistent, as both men might have issued separate or combined threats. Moreover, Shook asserted that he understood the specific threats that came from Duenas-Intriago to be issued from both Duenas-Intriago and Flores.

("A mere objection to the finding in the presentence report is not sufficient. The defendant has an affirmative duty to make a showing that the information in the presentence report is unreliable, and articulate the reasons why the facts contained therein are untrue or inaccurate.").

Moreover, the Government need only prove the facts supporting a sentence enhancement by a preponderance of the evidence. *United States v. Mondragon*, 860 F.3d 227, 233 (4th Cir. 2017). It is well established that a court may, for purposes of sentencing, consider "any relevant information before it, including uncorroborated hearsay, provided that the information has sufficient indicia of reliability to support its accuracy." *Id.* Flores' coconspirators' statements, both in and out of court, provided more than sufficient evidence to support all the enhancements, as well as the drug amount. The issues at trial were different and, thus, any failure to prove the enhancements through trial testimony is without probative value. Flores's general denials were insufficient to require any further analysis by the district court. Accordingly, the district court did not err in calculating Flores's drug quantity and enhancements.

II.

Flores next argues that the district court did not give a sufficient explanation for his within-Guidelines sentence. In explaining a sentence, the district court "'must make an individualized assessment based on the facts presented' when imposing a sentence, 'applying the relevant § 3553(a) factors to the specific circumstances of the case' and the defendant, and must 'state in open court the particular reasons supporting its chosen sentence.'" *United States v. Lymas*, 781 F.3d 106, 113 (4th Cir. 2015) (quoting *United*

*States v. Carter*, 564 F.3d 325, 328 (4th Cir. 2009)) (alterations and emphasis omitted). "Where the defendant or prosecutor presents nonfrivolous reasons for imposing a different sentence than that set forth in the advisory Guidelines, a district judge should address the party's arguments and explain why he has rejected those arguments." *Carter*, 564 F.3d at 328 (internal quotation marks omitted).

Here, the district court provided a detailed explanation for the life sentence. The explanation explicitly considered the mitigating circumstances presented by Flores, but determined that the seriousness of the offense and the extent of the conspiracy outweighed any such circumstances. Moreover, Flores's main contention was that the enhancements were not proven at trial, an argument entirely without relevance to the evidence presented at sentencing. Accordingly, the district court committed no error in its explanation of sentence.

### III.

Finally, Flores argues that his sentence was greater than necessary, given the short time period of his participation in the conspiracy, the fact that he was not the most culpable member of the conspiracy, his lack of a criminal or violent history, and the disparity of his sentence as compared to his coconspirators. We examine the substantive reasonableness of the sentence under "the totality of the circumstances." *Gall v. United States*, 552 U.S. 38, 51 (2007). A sentence "within or below a properly calculated Guidelines range is presumptively reasonable [on appeal]." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014). The defendant bears the burden to rebut this presumption "by showing that the sentence is unreasonable when measured against the

5

. . . § 3553(a) factors." *Id.* In evaluating the sentence for an abuse of discretion, this court "give[s] due deference to the [d]istrict [c]ourt's reasoned and reasonable decision that the § 3553(a) factors, on the whole, justified the sentence." *Gall*, 552 U.S. at 59-60. We "can reverse a sentence only if it is unreasonable, even if the sentence would not have been the choice of the appellate court." *United States v. Yooho Weon*, 722 F.3d 583, 590 (4th Cir. 2013) (internal quotation marks omitted).

While the sentence of life is quite severe, in this case, the sentence was within the Guidelines range. We hold that Flores has failed to overcome the presumption of reasonableness applied to his sentence. Flores involved himself in an unusually large-scale methamphetamine conspiracy, involving unusually high grade methamphetamine that originated with a Mexican drug cartel. He supervised an assistant, made threats, and carried firearms. While the Guidelines range was driven largely by the drug weight, that fact further serves to demonstrate the scope and severity of the nature of the offenses.

Regarding the shorter sentences of Flores's coconspirators, while district courts are to consider disparities in sentencing when imposing a sentence, *see* 18 U.S.C. § 3553(a)(6) (2012), we have expressed doubt whether "a defendant may . . . challenge a sentence on the ground that a co-conspirator was sentenced differently." *United States v. Goff*, 907 F.2d 1441, 1446-47 (4th Cir. 1990) (collecting cases), s*uperseded on other grounds by* USSG app. C amend. 508; *see also United States v. Sierra-Villegas*, 774 F.3d 1093, 1103 (6th Cir. 2014) ("[T]he district court may consider the defendant's sentence in comparison with that of co-defendants at sentencing, but need not do so; it is a matter

of discretion."). Section 3553(a)(6) is aimed primarily at eliminating national sentencing inequity, not differences between the sentences of coconspirators. *United States v. Withers*, 100 F.3 d 1142, 1149 (4th Cir. 1996); *see also United States v. Simmons*, 501 F.3d 620, 623-24 (6th Cir. 2007) (collecting cases). Moreover, unlike Flores, his coconspirators accepted responsibility for the extent of their criminal behavior and cooperated with the Government. Thus, disparities would be appropriate and expected.

We find no abuse of discretion because the district court considered the arguments by both parties and rationally found that a life sentence was appropriate. While the court might have imposed a lower sentence, the mere fact that the court did not consider the mitigating circumstances worthy of a reduction does not render a sentence unreasonable. Because there is a range of permissible outcomes for any given case, an appellate court must resist the temptation to "pick and choose" among possible sentences and rather must "defer to the district court's judgment so long as it falls within the realm of these rationally available choices." *United States v. McComb*, 519 F.3d 1049, 1053 (10th Cir. 2007); *see also United States v. Carter*, 538 F.3d 784, 790 (7th Cir. 2008) (noting substantive reasonableness "contemplates a range, not a point").

Accordingly, we affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*